Filed 3/28/23  P. v. Lynex CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TOMMIE LAWSON LYNEX,<br><br>Defendant and Appellant. | B321620<br><br>(Los Angeles County<br>Super. Ct. No. PA034126) |

Appeal from an order of the Superior Court of Los Angeles County, Daniel B. Feldstern, Judge.  Reversed.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General for Plaintiff and Respondent.

_____

In October 2000, a jury convicted defendant and appellant Tommie Lawson Lynex of first degree murder. The trial judge sentenced him to 50 years to life in prison. More than 20 years later, Lynex filed a motion in the superior court pursuant to Penal Code section 1203.01, subdivision (a),[1] seeking to correct and supplement his postconviction record in advance of his June 2022 parole hearing. The prosecution did not file any response. Reasoning that it lacked authority to consider Lynex's request, the superior court denied the motion without a hearing. Lynex appeals the denial.

The Attorney General concedes that the superior court erred in determining that it lacked authority to entertain the motion, and we agree. We therefore remand the matter to the superior court with instructions that it hold a hearing to consider

---

[1] Subsequent unspecified statutory references are to the Penal Code.

Section 1203.01, subdivision (a) provides, in relevant part: "Immediately after judgment has been pronounced, the judge and the district attorney, respectively, may cause to be filed with the clerk of the court a brief statement of their views respecting the person convicted or sentenced and the crime committed, together with any reports the probation officer may have filed relative to the prisoner. The judge and district attorney shall cause those statements to be filed if no probation officer's report has been filed. The attorney for the defendant and the law enforcement agency that investigated the case may likewise file with the clerk of the court statements of their views respecting the defendant and the crime of which they were convicted. Immediately after the filing of those statements and reports, the clerk of the court shall mail a copy thereof, certified by that clerk, with postage prepaid, addressed to the Department of Corrections and Rehabilitation at the prison or other institution to which the person convicted is delivered." (§ 1203.01, subd. (a).)

Lynex's motion. We, however, decline to address the Attorney General's arguments concerning the scope of relief to which Lynex may be entitled on remand because we deem it best that the superior court decide the merits in the first instance.

### FACTUAL SUMMARY AND PROCEDURAL HISTORY[2]

In August 1999, Lynex shot and killed Steven Parsee. The district attorney charged Lynex with first degree murder and alleged a personal firearm-discharge enhancement. The district attorney alleged further that Lynex had suffered a prior conviction in a 1994 Fresno County case. Consistent with the district attorney's allegations, Lynex's preconviction probation report states that he served a two-year prison term in connection with his 1994 conviction.

Lynex pleaded not guilty and proceeded to trial in October 2000. The jury convicted Lynex of first degree murder and found true the firearms enhancement allegations. At the October 30, 2000 sentencing hearing, the trial court dismissed the allegations concerning the 1994 prior conviction and sentenced Lynex to 50 years to life in prison, with the possibility of parole.

Two decades later, the parole board (the Board) scheduled a June 30, 2022 hearing to assess Lynex's eligibility for parole. Acting in propria persona, Lynex filed the motion giving rise to this appeal—titled, "motion to correct the record/supplement record transmitted to the Department of Corrections pursuant to Penal Code [section] 1203.01 and under Code of Civil Procedure section 187 and *In re Cook* (2019) 7 Cal.5th 439, 460 [(*Cook*)]"—in the superior court on May 26, 2022. (Capitalization omitted.)

---

[2] We summarize here only the facts and procedural history relevant to our resolution of this appeal.

3

Lynex's motion sought a court order (1) directing the probation office to remove the reference to the 1994 prior conviction from his preconviction probation report, and (2) compelling the trial judge, prosecutor, and defense counsel in his October 2000 murder trial to provide statements of their views about him and the case, for use at his parole hearing. In addition to the authorities enumerated in its title, Lynex's motion cited to the recent decision in *People v. Crites* (2022) 77 Cal.App.5th 494 (*Crites*), in which the First District concluded that section 1203.01, subdivision (a) provided a trial court with authority to consider a defendant's postjudgment motion to correct a purported error in his probation report.

The prosecution did not oppose or otherwise respond to Lynex's motion, and the superior court denied the motion without a hearing. The court's June 2, 2022 minute order explained:

"The motion is denied for the following reasons: The court lacks jurisdiction to grant the relief requested; the authorities cited in the motion do not apply to petitioner's case; and the motion, coming over 20 years after the court pronounced judgment in this case, is untimely and not reasonably likely to produce fruitful evidence." Lynex timely appealed the court's order.

The Board denied Lynex parole at the June 30, 2022 hearing, and tentatively has scheduled Lynex's next parole hearing for September 12, 2023.[3]

---

[3] Lynex points to the Department of Corrections and Rehabilitation's inmate locator website as evidence of the dates of his past and future parole hearings. We exercise our authority to take judicial notice of those dates. (See, e.g., *People v. Benzler* (2021) 72 Cal.App.5th 743, 750, fn. 3 [granting request

4

## DISCUSSION

Lynex contends, and the Attorney General concedes, that the superior court erred in concluding it lacked authority to consider his motion.  We agree.

In *Cook*, our Supreme Court clarified that "section 1203.01, augmented by the court's inherent authority to craft necessary procedures under Code of Civil Procedure section 187,[4] authorizes [the trial court] to preserve evidence as promptly as possible for future use by the Board."  (*Cook, supra*, 7 Cal.5th at p. 455, fn. added.)  "[O]ffenders with final convictions [therefore] may file a motion in the trial court for that purpose, under the authority of section 1203.01."  (*Cook, supra,* at p. 447.)  Significantly, *Cook* explains that the court retains authority to consider such motions even outside the statutorily prescribed time frame for submission of section 1203.01 statements from the trial judge and prosecutor.  (*Cook, supra*, at p. 453 ["Section 1203.01, subdivision (a) does specify that any statements by the judge and prosecutor should be filed '[i]mmediately after judgment has been pronounced.'  As California Rules of Court, rule 4.480 explains, a section 1203.01

_____

for judicial notice of parole hearing dates reflected on printout from the Department of Corrections and Rehabilitation's inmate locator website].)

[4] Code of Civil Procedure section 187 provides:  "When jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code."  (Code Civ. Proc., § 187.)

statement 'should be submitted no later than two weeks after sentencing . . . .' There is no indication, however, that the statute's requirement deprives the court of authority to act at a later time."].)

We acknowledge that *Cook* involved a youthful offender seeking to supplement his postconviction record pursuant to *People v. Franklin* (2016) 63 Cal.4th 261. And Lynex does not contend that he is a youthful offender, nor that he is entitled to *Franklin*'s expanded evidentiary preservation procedures. We, however, agree with the First District's conclusion in *Crites* that *Cook*'s holding applies with equal force to adult offenders seeking more limited relief. (*Crites*, *supra*, 77 Cal.App.5th at p. 499.)

In *Crites*, a defendant "whose judgment for conviction for murder ha[d] been final for over 40 years" moved to correct information contained in his presentencing probation report. (*Crites*, *supra*, 77 Cal.App.5th at p. 496.) The trial court determined that it lacked authority to consider the motion. (*Id.* at p. 497.) The First District reversed the trial court's determination, explaining: "*Cook* does not carve out an exception for youthful offenders but instead relies on the plain language of section 1203.01 in finding authority for the motion." (*Crites*, *supra*, at p. 499.) We find this reasoning persuasive, and like the *Crites* court, "[w]e see no reason why [*Cook*'s] holding would not apply in the present situation." (See *ibid.*)

Accordingly, we conclude that the superior court erred in ruling that *Cook* and *Crites* "do not apply to [Lynex's] case." And given the applicability of these cases, we conclude further that the court erred in determining that it lacked authority to entertain Lynex's requests. We therefore remand the matter

6

to the superior court with instructions that it consider Lynex's motion.

We, however, decline to resolve the parties' disagreement concerning the scope of relief available on remand—namely, whether, as the Attorney General contends, the preconviction probation report filed in Lynex's case is a bar to compelling the trial judge and prosecutor to file section 1203.01 statements for use at his next parole hearing. (See § 1203.01, subd. (a) ["[T]he judge and the district attorney, respectively, may cause to be filed . . . a brief statement of their views respecting the person convicted or sentenced and the crime committed . . . . The judge and district attorney shall cause those statements to be filed if no probation officer's report has been filed."].) Because the superior court denied the motion for lack of jurisdiction, the most appropriate resolution of the appeal is to remand the matter for reconsideration.

## DISPOSITION

We reverse the June 2, 2022 order and remand with directions that the trial court consider Lynex's motion.

NOT TO BE PUBLISHED.

                                        ROTHSCHILD, P. J.

We concur:


CHANEY, J.


WEINGART, J.

8